**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE, NASHVILLE DIVISION**

| | |
|---|---|
| **JOHN DOES #1–8, on behalf of themselves and all others similarly situated,** ) ) ) ) | |
| ) | **Civil Action No:** |
| **Plaintiffs,** ) | |
| ) | **Judge** _____ |
| **v.** ) | |
| ) | |
| **WILLIAM LEE, in his capacity as** ) | **Magistrate Judge** _____ |
| **Governor of the State of Tennessee;** ) | |
| ) | |
| **And,** ) | **CLASS ACTION COMPLAINT** |
| ) | |
| **DAVID RAUSCH, in his capacity as** ) | |
| **Director of the Tennessee Bureau of** ) | |
| **Investigation;** ) | |
| ) | |
| **Defendants.** ) | |

---

## CLASS ACTION COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

---

### INTRODUCTION

1.      No Tennessean should fear that they will be punished in a way that did not exist at the time they were convicted.  In fact, the *Ex Post Facto* Clause of the United States Constitution prohibits this.

2.      For far too long, the State of Tennessee has retroactively applied its sexual offender registry regime against hundreds and perhaps even thousands of individuals who were convicted of crimes before the registry existed or carried all of its punitive obligations. The State has done so despite courts consistently making it clear that this retroactive enforcement violates the *Ex Post Facto* Clause of the United States Constitution.  This lawsuit seeks to put an end to these

constitutional violations and restore the rights of these Tennesseans to be free from retroactive punishment.

3.      For almost three decades, the Tennessee General Assembly has repeatedly amended Tennessee's sexual offender registry, each time expanding its scope in ways that make it more public, more onerous, and more restrictive for registrants.

4.      This class action is brought on behalf of individuals convicted of criminal offenses before the Tennessee Sexual Offender and Violent Sexual Offender Registration, Verification, and Tracking Act of 2004 ("the SORVTA," or "the Act"), or one of its many revisions, was enacted and against whom the Act has been retroactively applied in violation of the United States Constitution. *See* Tenn. Code Ann. § 40-39-201 *et seq.* (2022).

5.      Plaintiffs John Does #1-8 are individuals against whom Tennessee has retroactively applied the SORVTA in violation of the Constitution because their underlying criminal convictions predate either the SORVTA as a whole or one or more of its later-enacted, punitive requirements.

6.      Due to the expansion of restrictions, reportable information, and public access to that information, the Sixth Circuit Court of Appeals recently held that Michigan's sexual offender registry scheme, which was nearly identical to Tennessee's SORVTA prior to the Michigan legislature amending its registry laws, is punitive and therefore cannot be retroactively imposed under the Constitution's *Ex Post Facto* Clause. *Does v. Snyder*, 834 F.3d 696, 705–706 (6th Cir. 2016).

7.      Following *Snyder*, Federal District Courts in Tennessee have repeatedly held that the retroactive application of the SORVTA violates the Constitutional prohibition of ex post facto punishment. *See e.g.*, *Doe v. Lee*, No. 3:21-cv-00028, 2022 WL 17650484 (M.D. Tenn. Dec. 13,

2022); *Jordan v. Lee*, No. 19-cv-00907, 2022 WL 1196980 (M.D. Tenn. Apr. 21, 2022); *Reid v. Lee,* 597 F. Supp. 3d 1177, 2022 WL 1050645 (M.D. Tenn. Apr. 7, 2022) ("*Reid II*"); *Does #1–9 v. Lee*, 574 F. Supp. 3d 558, 2021 WL 5761039 (M.D. Tenn. Dec. 3, 2021); *Doe #1 v. Lee*, 518 F. Supp. 3d 1157 (M.D. Tenn. 2021); *Jackson v. Rausch*, No. 19-cv-377, 2020 WL 7496528 (E.D. Tenn. Dec. 21, 2020); *Reid v. Lee*, 476 F. Supp. 3d 684 (M.D. Tenn. 2020) ("*Reid I*"); *Doe v. Rausch*, 461 F. Supp. 3d 747 (E.D. Tenn. 2020); *Doe v. Rausch*, 382 F. Supp. 3d 783 (E.D. Tenn. 2019). The State, however, refuses to follow the law.

8.      Plaintiffs bring this action on behalf of themselves and all Class members to enforce their constitutional rights through declaratory and injunctive relief.

## JURISDICTION AND VENUE

9.      Jurisdiction is proper under 28 U.S.C. §§ 1331 and 1343 because Plaintiffs seek redress for the deprivation of rights secured by the United States Constitution. Plaintiffs' claims are brought under 42 U.S.C. § 1983.

10.      Venue is proper pursuant to 28 U.S.C. § 1391 because the acts and omissions giving rise to these claims occurred in the State of Tennessee, and the Defendants all reside in the State of Tennessee.

11.      This Court has authority to grant declaratory relief pursuant to 28 U.S.C. § 2201 as an actual controversy exists regarding the rights, privileges, and immunities to which the Plaintiffs are entitled, and pursuant to 28 U.S.C. § 2202, this Court has authority to grant injunctive and other necessary and proper relief.

# PARTIES

## I.     Plaintiffs

12.     Plaintiff JOHN DOE #1 ("Doe #1") is a resident of Montgomery County, Tennessee, who has been retroactively required to comply with the SORVTA, which did not exist at the time of his sentencing, for the rest of his life. *Id*.

   a.  In the summer of 1988, John Doe #1 pleaded guilty under Article 25 and Article 124 of the Uniform Code of Military Justice ("UCMJ") to three specifications of sexual offenses.

   b.  The SORVTA did not exist in any form at the time of Doe #1's conviction, but has been retroactively applied against Doe #WR.

   c.  John Doe #1 is almost eighty years old.  For many years now, he has been unconstitutionally subjected to the SORVTA.  Under the SORVTA, Doe #1 is classified as a violent sexual offender. As a result, he must continue to register and comply with all SORVTA requirements for the rest of his life.

13.     Plaintiff JOHN DOE #2 ("Doe #2") is a resident of Rutherford County, Tennessee, who has been retroactively required to comply with the SORVTA, which did not exist at the time of his sentencing, for the rest of his life. *Id*.

   a.  John Doe #2 pleaded guilty to an attempted sexual offense in 1990, when he was twenty years old.

   b.  The SORVTA did not exist in any form at the time of Doe #2's conviction, but has been retroactively applied against Doe #2.

   c.  Under the SORVTA, Doe #2 is classified as a violent sexual offender, and he must register and comply with all SORVTA requirements for life.

4

14.     Plaintiff JOHN DOE #3 ("Doe #3") is a resident of Montgomery County, Tennessee, who has been retroactively required to comply with the SORVTA for the rest of his life. *Id*.

    a.  John Doe #3 pleaded guilty to a sexual offense on March 23, 2000, and was sentenced to eight years of supervised probation.

    b.  The SORVTA did not exist in its present form at the time of Doe #3's conviction, but the SORVTA's later-enacted punitive requirements have been applied against him retroactively.

    c.  At the time of his conviction, Doe #3 was only required to register under the SORMA (defined *infra*) for ten years following the completion of his sentence. Under the SORVTA, however, Doe #3 was retroactively reclassified as a violent sexual offender, and his registration period was extended from ten years to life, among a number of other punitive restrictions imposed upon him.

15.     Plaintiff JOHN DOE #4 ("Doe #4") is a resident of Tipton County, Tennessee, who has been retroactively required to comply with the SORVTA for the rest of his life. *Id*.

    a.  In the summer of 2003, when Doe #4 was twenty-three years old, he pleaded guilty in federal court in Richmond, Virginia to three sexual offenses.

    b.  The SORVTA did not exist in its present form at the time of Doe #4's conviction, but the SORVTA's later-enacted punitive requirements have been applied against him retroactively.

    c.  Doe #4 moved to Tennessee in 2005 after his release from prison.

d. At the time of his conviction, Doe #4 was only required under the SORVTA to register for ten years following the completion of his sentence, making him eligible for removal in 2018, when he was thirty-eight years old.

e. However, under the SORVTA, Doe #4 was retroactively reclassified as a violent sexual offender, and his registration period was extended from ten years to life, among a number of other punitive restrictions imposed upon him.

16. Plaintiff JOHN DOE #5 ("Doe #5") is a resident of Rutherford County, Tennessee, who has been retroactively required to comply with the SORVTA for the rest of his life. *Id*.

a. John Doe #5 was convicted of multiple sexual offenses on August 12, 2003.

b. The SORVTA did not exist in its present form at the time of Doe #5's conviction, but the SORVTA's later-enacted punitive requirements have been applied against him retroactively.

c. Under the SORVTA, Doe #5 was retroactively reclassified as a violent sexual offender in 2004, and his registration period was extended to life, among a number of other punitive restrictions imposed upon him.

17. Plaintiff JOHN DOE #6 ("Doe #6") is a resident of Knox County, Tennessee, who has been retroactively required to comply with the SORVTA for the rest of his life. *Id*.

a. On September 26, 2003, Doe #6 pleaded guilty to a sexual offense and was sentenced to one year in jail, suspended to probation.

b. The SORVTA did not exist in its present form at the time of Doe #6's conviction, but the SORVTA's later-enacted punitive requirements have been applied against him retroactively.

c. Pursuant to a 2014 amendment to the SORVTA, Doe #6 was retroactively reclassified as an offender against children, and he must now register for the rest of his life, among a number of other punitive restrictions imposed upon him.

18. Plaintiff JOHN DOE #7 ("Doe #7") is a resident of Williamson County, Tennessee, who has been retroactively required to comply with the SORVTA for the rest of his life. *Id*.

a. John Doe #7 pleaded guilty to a sexual offense in the United States District Court of the Middle District of Tennessee on November 29, 2005.

b. The SORVTA did not exist in its present form at the time of Doe #7's conviction, but the SORVTA's later-enacted punitive requirements have been applied against him retroactively.

c. At the time of his offense, Doe #7 was required to comply with the registry for ten years following the completion of his sentence. Doe #7 completed his ten-year requirement on or about November 26, 2020. Doe #7 is retroactively required to register for the rest of his life, among a number of other punitive restrictions imposed upon him

19. Plaintiff JOHN DOE #8 ("Doe #8") is a resident of Shelby County, Tennessee, who has been retroactively required to comply with the SORVTA for the rest of his life. *Id*.

a. Doe #8 pleaded guilty to a sexual offense in the United States District Court for Western District of Tennessee, on April 21, 2004, when he was nineteen years old.

b. The SORVTA did not exist in its present form at the time of Doe #8's conviction, but the SORVTA's later-enacted punitive requirements have been applied against him retroactively.

c. At the time of his conviction, Doe #8 was required to register for ten years following the completion of his sentence, making him eligible for removal at age thirty-five.

d. Pursuant to a 2014 amendment to the SORVTA, Doe #8 was retroactively reclassified as an offender against children, and his registration period was extended from ten years to life.

## II. Defendants

20. Defendant William Lee is the Governor of Tennessee. The Tennessee Constitution vests the Governor with "the supreme executive power of this state." Tenn. Const. art. III, § 1. As the Chief Executive for the State of Tennessee, Governor Lee has a constitutional obligation to "take care that the laws be faithfully executed," *id.* § 10, including that they be executed consistent with constitutional mandates. Defendant Lee is ultimately responsible for the enforcement of Tennessee law and for supervision of all state departments, including the Tennessee Bureau of Investigation (the "TBI"). He is sued in his official capacity and was at all points in time relative to this Complaint acting under color of state law. Governor Lee may be served through the Tennessee Attorney General's Office.

21. Defendant David Rausch is the Director of the TBI, a state agency with responsibility for enforcement and management of Tennessee's sexual offender registry. He is sued in his official capacity and was at all points in time relative to this Complaint acting under color of state law. Director Rausch may be served through the Tennessee Attorney General's Office.

## CLASS ACTION ALLEGATIONS

22. Plaintiffs bring this action on behalf of themselves and all similarly situated persons pursuant to Fed. R. Civ. P. 23(a), 23(b)(1), and 23(b)(2).

23.     Plaintiffs seek certification of a class, defined as individuals against whom the SORVTA has been retroactively applied due to their underlying criminal convictions that predate the punitive requirements imposed by the SORVTA and other subsequent legislative enactments (the "Plaintiff Class").

24.     The proposed class satisfies the requirements of Fed. R. Civ. P. 23(a).

25.     The class is so numerous that joinder of all members of the class is impracticable.

26.     While the exact number of primary members is unknown to Plaintiffs at the present moment, Plaintiffs believe the number to be thousands of individuals. The exact number and identity of Class members is easily ascertainable by Defendants from the TBI's Sexual Offender Registration records.

27.     Proper and sufficient notice of this action may be provided to the Plaintiff Class members through actual notice to registrants of the Tennessee Sexual Offender Registration Act via direct mail and email, among other methods.

28.     Joinder is impractical because many members of the class are without adequate means or resources to retain counsel or seek redress in court in a civil rights lawsuit or other legal proceeding. There is no effective or appropriate means of ensuring vindication of the rights of all members of the class other than a class action proceeding.

29.     Questions of law or fact are common to the proposed class. The common questions of law and fact include, but are not limited to:

a.  Whether the SORVTA in its current form is punitive in nature and imposes an unconstitutional *ex post facto* punishment upon the Plaintiff Class that the law did not impose at the time the Class member was convicted for the underlying criminal offense.

30.     The claims asserted by the named Plaintiffs are typical of the claims of the Class members whom they seek to represent. The same common course of conduct by the Defendants gave rise to Plaintiffs' and the Class members' claims.

31.     Plaintiffs will fairly and adequately protect the interests of the Class members.

32.     The named Plaintiffs have a strong interest in achieving the relief requested in this Complaint, they have no conflicts with members of the Plaintiff Class, and they will fairly and adequately protect the interests of the class. All named Plaintiffs have been and continue to be subject to the unconstitutional imposition of the SORVTA's registration requirements, and therefore all named plaintiffs have a substantial incentive to gain legal relief.

33.     The proposed class satisfies the requirements of Fed. R. Civ. P. 23(b)(1) and 23(b)(2) in that adjudications with respect to individual members of the class would as a practical matter be dispositive of the interests of the other members of the class or substantially impair or impede their ability to protect their interests. Further, as set forth herein, Defendants have acted and/or refused to act on grounds that apply generally to Plaintiffs and the Class members, thereby warranting injunctive and/or declaratory relief respecting the class as a whole.

34.     Plaintiffs are represented by counsel who are competent and experienced with the SORVTA and in the prosecution of civil rights and class action litigation.

**HISTORY OF THE TENNESSEE SEXUAL OFFENDER REGISTRY**

35.     The Tennessee General Assembly passed this state's first sexual offender registry law in 1994, which took effect on January 1, 1995. 1994 Tenn. Pub. Laws, ch. 976.

36.     Prior to 1994, individuals convicted of sexual offenses in Tennessee faced formal consequences similar to those borne by individuals convicted of non-sexual offenses of similar seriousness.

37.     Known as "The Sexual Offender Registration and Monitoring Act" (the "SORMA"), the SORMA was a confidential and private law enforcement database which acted as a centralized record system of sexual offender registration and verification information. It applied to people convicted of sexual offenses on or after January 1, 1995 and retroactively to people whose convictions occurred before that date if they were still on probation or parole or incarcerated as of that date. 1994 Tenn. Pub. Laws, ch. 976, § 3.

38.     The SORMA's original requirements were fairly limited. Persons required to register did so by completing and mailing monitoring forms to the TBI that requested basic information about the registrant, including their name, date and place of birth, social security number, driver's license number, parole or probation officer's contact information, offenses of conviction, current place of employment, current address, and any other information deemed relevant. The SORMA did not require any in-person reporting or fee payments. 1994 Tenn. Pub. Laws, ch. 976, § 4.

39.     Under the SORMA, the registrant's information was expressly designated as confidential, with the narrow exception that the TBI or a local law enforcement agency could "release relevant information deemed necessary to protect the public concerning a specific sexual offender." 1994 Tenn. Pub. Laws, ch. 976, § 7(c).

40.     Any violation of the SORMA was a Class A misdemeanor. 1994 Tenn. Pub. Laws, ch. 976, § 9.

41.     Under the SORMA, any registrant could petition a court for relief from the Act's requirements ten years after release from probation, parole, or incarceration without supervision. 1994 Tenn. Pub. Laws, ch. 976, § 8.

42.     The Tennessee General Assembly amended the SORMA numerous times in the years after its enactment, each time expanding its scope in ways that made it more public, more onerous, and more restrictive for registrants.

a.  For instance, beginning in 1997, the TBI was required to establish, maintain, and update a centralized record system of registration and verification information thereby making certain registration information public for registrants. 1997 Tenn. Pub. Acts, ch. 461, § 2.

b.  In 2000, a lifetime registration requirement was retroactively imposed on all registrants with multiple sexual offense convictions and all registrants with a conviction of aggravated rape, rape, aggravated sexual battery, rape of a child, or the criminal attempt to commit any of these offenses. 2000 Tenn. Pub. Acts, ch. 997, § 1–2.

c.  Three years later, the legislature enacted the first restrictions prohibiting registrants from living or working within 1,000 feet of certain locations, and from living with minors under certain circumstances. 2003 Tenn. Pub. Acts, ch. 95, § 1.

43.     After multiple amendments, the SORMA was eventually repealed and replaced with the Tennessee Sexual Offender and Violent Sexual Offender Registration, Verification, and Tracking Act of 2004 (the "SORVTA"), 2004 Tenn. Pub. Laws, ch. 921.

44.     The SORVTA comprehensively and dramatically changed the registry requirements, restrictions, and punitive impact in several respects, including:

a.  turning aspects of the registry that had been private into a publicly available centralized record system;

b.  imposing the first fee requirement upon registrants;

c.   expanding the two classifications of registrants, "sexual offenders" and "violent sexual offenders," based solely on the registrant's conviction offense and not on an individualized assessment of the registrant;

d.   increasing the classification of certain offenses from "sexual" to "violent";

e.   requiring lifetime registration for all registrants classified as "violent sexual offenders";

f.   enlarging the information registrants were required to provide to include the contact information of their nearest living relative, whether any minors live with them, their race and gender, and information about any cars, mobile homes, or boats they lived in;

g.   requiring registrants classified as "violent sexual offenders" to report to a designated law enforcement agency in person at least four times a year and others to report to a designated law enforcement agency in person once per year, and to update their fingerprints, palm prints, and mugshot at each visit;

h.   imposing a strict requirement to report any change in residence, employment, becoming a student, or release from incarceration within forty-eight hours; and

i.   enhancing the punishment for any violation of the registry to a Class E felony.

2004 Tenn. Pub. Laws, ch. 921, § 1.

45.   Since 2004, the Tennessee legislature has amended the SORVTA several more times. Each amendment has been applied retroactively and has subjected registrants to new, increasingly onerous obligations, restraints, disabilities, and punishments of a different character and a greater magnitude than before, including:

a.   Beginning in 2007, all registrant information, regardless of the date of offense, is now public. 2007 Tenn. Pub. Acts, ch. 531, § 1.

b.  The following year, registrants were required to report any change to their "electronic mail address information, any instant message, chat, or other Internet communication name or identity information that the person uses or intends to use," within three days. 2008 Tenn. Pub. Acts, ch. 979, § 1.

c.  As of 2009, all registrants are forbidden to be on the premises of a school, day care center, public park, playground, recreation center, or public athletic field available for use by the general public if they have reason to believe children are present. 2009 Tenn. Pub. Acts, ch. 597, § 1.

d.  As of that same year, all registrants are also forbidden to stand or "sit idly" within 1,000 feet of those locations when children are present unless they have custody or responsibility for a child there or another "specific or legitimate reason for being there." *Id.*

e.  Two years later, public library directors were authorized to prohibit registrants from library premises. 2011 Tenn. Pub. Acts, ch. 287 § 1.

f.  As of 2014, any registrant whose victim was younger than thirteen is classified as an "offender against children" and is required to register for life. 2014 Tenn. Pub. Acts, ch. 770, §§ 1, 2.

g.  That same year, local governments were authorized to establish community notification systems designed to notify residents, schools, and childcare facilities when a registrant lives within a certain distance. 2014 Tenn. Pub. Acts, ch. 751, § 1.

h.  The following year, registrants with minor victims were prohibited from being "alone with" a minor in a "private area." 2015 Tenn. Pub. Acts, ch. 516, § 1.

i.   Moreover, registrants with minor victims may not "knowingly reside or conduct an overnight visit at a residence in which a minor resides or is present." There is an exception for biological children, but not step-children, and even a registrant who is the biological parent is subject to exceptions. 2020 Pub. Acts, ch. 636 §1.

**THE SORVTA'S IMPACT ON PLAINTIFFS AND THE CLASS MEMBERS**

46.   The SORVTA imposes obligations, disabilities, and restraints that interfere with almost every aspect of the Class member's lives.

47.   The SORVTA mandates in-person reporting, imposes residency and work place restrictions, impedes movement, and restricts Plaintiffs' actions related to children.

48.   The SORVTA severely limits the ability of registrants to travel, work, and direct the upbringing of their children.

49.   The continuous reporting, surveillance, and supervision requirements imposed under the SORVTA trigger a vast array of additional obligations, disabilities, and restraints under other Federal, state, and local laws, as well as private policies barring or limiting registrants from access to goods or services available to the public.

**A. Classification, Reporting and Surveillance**

50.   Under the SORVTA, Plaintiffs are classified and labeled as either "sexual offenders" or "violent sexual offenders" based solely on the statutory classification of their conviction offense, without regard to any individualized assessment. Further, offenders with a victim that is younger than thirteen are classified as an "offender against children."

51.   Pursuant to the SORVTA, a person with sufficient contacts with Tennessee is required to register in Tennessee if convicted by a federal court or military tribunal or in any other state of the United States, other jurisdiction, or other country if that offense would be classified as

a "sexual offense" or "violent sexual offense" in this state, or if the person was required to register as any form of sexual offender in another jurisdiction prior to their presence in Tennessee, regardless of when convicted.

52. The TBI unilaterally classifies and reclassifies registrants convicted in other jurisdictions without any opportunity for the registrant to challenge the TBI's classification.

53. Plaintiffs classified as "violent sexual offenders" must report to a designated law enforcement agency in person during the months of March, June, September, and December for the rest of their lives. Plaintiffs and Class members classified as "sexual offenders" must report to a designated law enforcement agency in person within seven days of their birthday for the rest of their lives.

54. Registrants must set aside a full day every three months if labeled as "violent" or yearly if labeled as "sexual" to report, as the length of the reporting process varies greatly depending on the registering agency that performs it.

55. Plaintiffs must pay an annual registration fee, not to exceed $150.

56. Plaintiffs must always have their driver's license or identification card, which designates them as a sexual offender, in their possession.

57. During quarterly or yearly reporting, Plaintiffs' fingerprints, palm prints, and mugshot are updated, and they must verify the now extensive information required by the TBI Registration Form (the "TBI Form"):

a. Name and any aliases;

b. Date and place of birth;

c. Social security number;

d. Copy of valid driver license or government issued identification card;

e.  Name, address, and phone number of supervisor if on supervised release;

f.  Offense for which he or she was convicted and the corresponding date, county, and state of each conviction;

g.  Name of current employer and the address, phone number, and length of current employment;

h.  Address of residence and length of time at the residence;

i.  Description, vehicle information numbers, and license tag numbers of vehicles used or owned;

j.  Race and gender;

k.  Name, address, and phone number of his or her closest living relative;

l.  Number of victims and the age of the victims at the time of the offense;

m.  Verification that the TBI has received his or her DNA sample;

n.  Complete listing of his or her electronic mail address information, including usernames, social media accounts he or she uses or intends to use, instant message, other internet communication platforms or devices, and his or her username, screen name, or other method by which he or she accesses these accounts or websites;

o.  Whether any minors reside in his or her primary or secondary residence;

p.  Copies of all passports and immigration documents; and

q.  Professional licensing information.

58.     As of 2007, regardless of date of offense or conviction, the following information about Plaintiffs is public and readily available online in a searchable database:

a.  Name;

b.  Date of birth;

c.  Primary and secondary addresses;

d.  Race and gender;

e.  The date of last verification of information by Registrant;

f.  Most recent photograph;

g.  Driver license number and issuing state or government identification number;

h.  Parole or probation officer;

i.  The text of the statute for which the Registrant is required to register;

j.  Physical description, including height, weight, eye and hair color, tattoos, scars, and marks;

k.  Criminal history, including the date of all arrests and convictions, parole status, and registration status;

l.  Address of Registrant's employer or employers;

m.  Name and address of any institution of higher education in Tennessee where the registrant is employed, carries on a vocation, or is a student;

n.  License plate number and a description of his or her vehicle; and

o.  Whether the Registrant is classified as an "offender against children."

59.    Plaintiffs must report in person within forty-eight hours of a change in residence, establishing a physical presence at a particular location, at the beginning of any new employment, or of any change in his or her employment status that is in effect for five or more consecutive days. Employment status changes include ending employment, a change in employment location, changing shifts or substantially changing hours of work, or any other change in employment that differs from what was originally reported.

60. Plaintiffs must report in person within forty-eight hours of any other changes to his or her TBI Form.

61. There are no "good cause" exceptions to any of these reporting requirements. Thus, regardless of whether a registrant is suffering from illness, injury, transportation problems, or other emergencies, he or she must still report changes in person within forty-eight hours or risk criminal prosecution.

62. For violating any of these provisions, Plaintiffs are subject to criminal prosecution for a Class E felony, punishable by a minimum fine of $350 and imprisonment for at least 90 days for a first violation; a minimum fine of $600 and imprisonment for at least 180 days for a second violation; and a minimum fine of $1,100 and imprisonment for at least one year for any subsequent violations.

## B. Housing Restrictions

63. Pursuant to the SORVTA, Plaintiffs cannot live within one thousand feet of any public school, private or parochial school, licensed day care center, other childcare facility, public park, playground, recreation center, or public athletic field available for use by the general public ("Prohibited Places"). The one-thousand-foot distance from Prohibited Places is known as an "Exclusion Zone."

64. Further limiting registrants' housing options, the SORVTA requires posting of Plaintiffs' personal addresses on the public online registry database. Tenn. Code Ann. § 40-39-206.

65. Many property managers and landlords of apartments and homes that are not located in Exclusion Zones are still unwilling to rent to anyone on the registry.

66.     Plaintiffs have no way of making a definite determination regarding whether potential housing is located within an Exclusion Zone. The "corrections mapping application" used by the TBI and the Tennessee Department of Corrections to identify Exclusion Zones requires the user to first acknowledge that they have read a disclaimer that the mapping tool may be inaccurate and that the state of Tennessee is not responsible for any omissions. There have been occasions where some Plaintiffs were given permission by their registering agent to live at a specific address but were later forced to move when an unknown Prohibited Place was later discovered within one thousand feet of the registrant's home, costing the registrant thousands of dollars.[1]

67.     Even if Plaintiffs are able to find housing they can afford that is not in an Exclusion Zone, they face the constant fear of having to later move as a result of complaints from neighbors based solely on their status on the registry.

68.     The blanket residency restrictions imposed by the SORVTA are not rationally related to any compelling government interest, and there is no evidence whatsoever that the imposition of the Exclusion Zones on registrants makes the citizens of Tennessee any safer.

### C.  Employment Restrictions

69.     Under the SORVTA, Plaintiffs cannot work for an employer whose principal office address is located within one thousand feet of any Prohibited Places. This restriction severely limits what jobs registrants can seek and where they can apply for employment opportunities.

70.     The SORVTA requires that the address of a Plaintiff's employer be posted on the public sexual offender registry. The public posting of the employer's address creates a significant deterrent for employers to hire and employ Plaintiffs and Class members.

---

[1]Litigation is currently pending regarding this issue (as to certain plaintiffs) in other fora. *See, e.g.*, *Ewers v. State of Tennessee*, Claim No. 0546-GL-21-0503653-001, Claims Commission for the State of Tennessee Middle Grand Division.

71.     Furthermore, the SORVTA provides no provision or exception for Plaintiffs that work remotely, travel often for work, or perform work at different job sites. A Plaintiff who never steps foot onto their employer's principal office address is nonetheless prevented from working for that employer if the employer's address is located in an Exclusion Zone. This includes work-from-home opportunities where the registrant works remotely on a full-time basis.

72.     Pursuant to the SORVTA, if a registrant is traveling for work or must appear at a new job site for five or more consecutive days, that new "place of employment" must be reported as a material change in the registrant's employment address within forty-eight (48) hours. Similarly, a registrant shifting between working in-person and remotely may have to report that change within forty-eight (48) hours, as it could be deemed a material change.

### D.  Travel Restrictions

73.     The SORVTA severely restricts Plaintiffs' right to travel. The interstate travel restrictions are so cumbersome and confusing that traveling out-of-state leaves registrants at great risk of being found in violation of the SORVTA.

74.     If a Plaintiff is traveling out-of-state and remains at the same location for a period of four (4) or more consecutive or nonconsecutive days in any month, or for a period of fourteen (14) or more days in the aggregate during any calendar year, the registrant is required to report that place as a "secondary residence" within forty-eight (48) hours.

75.     Plaintiffs that travel out-of-state must obey any applicable sexual offender registration laws in the jurisdiction he or she is visiting. Because sexual offender registry laws are convoluted and vary from state-to-state, it is virtually impossible to obtain accurate information about either affirmative reporting obligations or prohibitions on ordinary behavior in another jurisdiction.

76.     In addition, Plaintiffs must report in person at least 21 days before they travel outside the country, unless the registrant has written approval or the travel is for an emergency situation, in which case at least 24 hours' notice is required.

### E.  Family and Parenting Restrictions

77.     The SORVTA severely impairs Plaintiffs' and Class members' family relationships and their ability to actively parent their children.

78.     Plaintiffs' ability to participate in the upbringing of their children under the SORVTA is limited because, as registered sexual offenders, they cannot participate in their children's school activities and extra-curricular events.

### CLAIM FOR RELIEF

### COUNT I: VIOLATION OF THE *EX POST FACTO* CLAUSE

79.     Plaintiffs reallege the foregoing paragraphs as though fully set forth herein.

80.     The retroactive application of the SORVTA to Plaintiffs violates the *Ex Post Facto Clause* of the U.S. Constitution, Art. I, § 10, cl.1, because Tennessee's SORVTA in its current form is punitive in nature and imposes a far greater punishment upon them than the law did at the time their crimes were committed.

### LACK OF LEGAL REMEDY

81.     Plaintiffs' and the Class members' harm is ongoing and cannot be alleviated except by injunctive and declaratory relief.

82.     No other adequate remedy is available at law.

# REQUEST FOR RELIEF

**WHEREFORE,** considering the foregoing, Plaintiffs and Class members pray:

1.     That the Court determine that this action may be maintained as a class action under Rules 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure, that Plaintiffs be certified as class representatives, and that Plaintiffs' undersigned counsel be appointed as counsel for the Class;

2.     That the unlawful conduct alleged herein be declared illegal, in violation of the U.S. Constitution as alleged herein;

3.     That preliminary and permanent injunctions issue as to the enforcement of the unconstitutional provisions of the SORVTA against the Plaintiff Class;

4.     That the Court order Defendants to cease enforcement of the unconstitutional provisions of the SORVTA as written as to Plaintiffs and Class members;

5.     That the Court order Defendants to permanently remove the Plaintiffs and all Class members from the Tennessee sexual offender registry;

6.     That Defendants be enjoined from engaging in the same or similar practices alleged herein;

7.     That Plaintiffs and Class members recover their costs of suit, attorneys' fees, and expenses pursuant to 42 U.S.C. § 1988; and

8.     For all other relief allowed by law and equity.


Dated: November 22, 2023.

Respectfully submitted,

/s/ Ryan C. Davis
Ryan C. Davis, No. 34588
Jorie Zajicek, No. 39615
RYAN C. DAVIS LAW, PLLC
1224 2nd Ave South, Suite 102
Nashville, TN 37210
Telephone (615) 649-0110
Facsimile (615) 290-5013
ryan@ryancdavislaw.com
jorie@ryancdavislaw.com

/s/ Jeff H. Gibson
Jeff H. Gibson, No. 26321
David R. Esquivel, No. 21459
BASS, BERRY & SIMS PLC
150 Third Avenue South, Suite 2800
Nashville, TN 37201
Telephone (615) 742-7749
Facsimile (615) 742-6293
jgibson@bassberry.com
desquivel@bassberry.com