IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE, NASHVILLE DIVISION

| | |
|---|---|
| JOHN DOES #1–8, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WILLIAM LEE, in his capacity as Governor of the State of Tennessee;<br><br>And,<br><br>DAVID RAUSCH, in his capacity as Director of the Tennessee Bureau of Investigation;<br><br>Defendants. | Civil Action No:<br><br>Judge _____<br><br>Magistrate Judge _____<br><br>CLASS ACTION COMPLAINT |

**PLAINTIFFS' MOTION TO PROCEED UNDER PSEUDONYMS AND FOR PROTECTIVE ORDER**

Plaintiffs move the Court for permission to proceed in this action under the pseudonyms "John Doe #1," "John Doe #2," "John Doe #3," "John Doe #4," "John Doe #5," "John Doe #6," "John Doe #7," and "John Doe #8" (collectively, "John Does #1–8") and for entry of a protective order barring dissemination of their true names and requiring that any documents containing their true names be filed under seal.

In support of this motion, Plaintiffs rely on their supporting memorandum and the record in this case and state:

1. The Sixth Circuit Court of Appeals has held that courts may excuse a plaintiff from identifying him or herself where the "plaintiff's privacy interests substantially outweigh the presumption of open judicial proceedings." *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004).

2. Fed. R. Civ. Proc. 26(c) authorizes the Court, upon motion of a party, to make an order "to protect [the] party or person from annoyance, embarrassment, oppression, or undue burden or expense."

3. It is standard practice for courts to allow litigation brought by plaintiffs who are registered sex offenders to proceed under pseudonyms, due to the stigma associated with their status on the registry. *See, e.g.*, *Does #1–8 v. Lee*, 3:21-cv-00590, Dkt. 32 (M.D. Tenn. Aug. 18, 2021).

4. Plaintiffs' status as registered sex offenders expose both them and their families to significant risks of substantial harm, and their privacy interests substantially outweigh the presumption of an open judicial proceeding.

5. Provided the Court enters a protective order barring further dissemination of Plaintiffs' true names and requiring that any documents containing Plaintiffs' true name be filed under seal, Plaintiffs do not object to providing their true names to the Defendants. A proposed protective order is attached to this Motion as Exhibit 1.

6. Before filing of the Complaint and this Motion, Plaintiffs' counsel conferred with counsel at the Attorney General's Office, which will represent the Defendants in this matter. Defendants' counsel stated that Defendants will likely oppose a motion for leave to proceed under a pseudonym but that they are not equipped to give a definite position before having learned the true identities of the Plaintiffs or reading the allegations in the Complaint. Defendants' counsel have therefore requested that they be able to reserve the right to assert their final position on this motion in a formal response. Defendants are also likely to seek a joint stay of this case and are offering to postpone their response to this Motion, and this Court's decision on the Motion, until

such a stay is lifted after the Sixth Circuit Court of Appeals issues its decision in *Does 1-9 v. Lee*, No. 23-5248. To be clear, Plaintiffs have not agreed to a stay at this point.

Respectfully submitted,

/s/ Ryan C. Davis
Ryan C. Davis, No. 34588
Jorie Zajicek, No. 39615
RYAN C. DAVIS LAW, PLLC
1224 2nd Ave South, Suite 102
Nashville, TN 37210
Telephone (615) 649-0110
Facsimile (615) 290-5013
ryan@ryancdavislaw.com
jorie@ryancdavislaw.com


/s/ Jeff H. Gibson
Jeff H. Gibson, No. 26321
David R. Esquivel, No. 21459
BASS, BERRY & SIMS PLC
150 Third Avenue South, Suite 2800
Nashville, TN 37201
Telephone (615) 742-7749
Facsimile (615) 742-6293
jgibson@bassberry.com
desquivel@bassberry.com

3

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing will be served via Certified U.S. Mail, return receipt requested, on the following, along with the service of the issued Summonses and Complaint which will be acknowledge on the Return on Service of the Summons:

Governor William Lee
c/o Hon. Jonathan T. Skrmetti
Attorney General & Reporter
P.O. Box 20207
Nashville, TN 37202-0207

Director David Rausch
Tennessee Bureau of Investigation
c/o Hon. Jonathan T. Skrmetti
Attorney General & Reporter
P.O. Box 20207
Nashville, TN 37202-0207

                                                  /s/ Jeff H. Gibson

4

Case 3:23-cv-01240   Document 2   Filed 11/22/23   Page 4 of 7 PageID #: 29

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE, NASHVILLE DIVISION

| | |
|---|---|
| JOHN DOES #1–8, on behalf of themselves and all others similarly situated, )<br>)<br>)<br>) | |
| Plaintiffs, ) | Civil Action No: |
| ) | |
| v. ) | Judge _____ |
| ) | |
| WILLIAM LEE, in his capacity as Governor of the State of Tennessee; ) ) | Magistrate Judge _____ |
| ) | |
| And, ) | CLASS ACTION COMPLAINT |
| ) | |
| DAVID RAUSCH, in his capacity as Director of the Tennessee Bureau of Investigation; )<br>)<br>) | |
| ) | |
| Defendants. ) | |

## PROTECTIVE ORDER

This matter came before the Court on Plaintiffs' Motion for Permission to Proceed Under Pseudonyms and for a Protective Order. Based upon the Motion, Plaintiffs' supporting Memorandum, and the entire record in this case, the Court finds there is good cause to enter a Protective Order as follows:

1. All documents filed with the Court containing the name of Plaintiffs or any information that directly or indirectly identifies Plaintiffs or their family members shall be filed under seal. Plaintiffs shall only be identified by their pseudonyms in all publicly filed documents.

2. Upon request, Plaintiffs' counsel shall disclose Plaintiffs' names to counsel for Defendants.

2

3. To the extent necessary for the litigation of this action, Defendants' counsel may only disclose Plaintiffs' identities to the named Defendants, Defendants' employees, and experts retained in this case.

4. Any individuals to whom Plaintiffs' identities are disclosed shall not further disclose that information to any media outlet or any other third party, absent prior written consent from Plaintiffs' counsel.

5. Any individual to whom Plaintiffs' identities are to be disclosed as a result of this litigation shall first read this Protective Order. Defendants' counsel shall ensure that all individuals to whom disclosure is made pursuant to paragraphs 3 and 4 are aware of this Protective Order.

6. Plaintiffs' names shall not be disclosed to the media, under any circumstances, absent prior written consent from Plaintiffs' counsel.

7. The parties shall seek to resolve issues related to the non-disclosure of Plaintiffs' identities without court intervention should any such issues arise. If the parties cannot reach an agreement, they shall seek further clarification from this Court.

**IT IS SO ORDERED.**

_____
Judge