**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE, NASHVILLE DIVISION**

| | | |
|---|---|---|
| JOHN DOES #1–8, on behalf of themselves and all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | **Civil Action No:** |
| v. | ) ) ) | **Judge** _____ |
| WILLIAM LEE, in his capacity as Governor of the State of Tennessee; | ) ) ) | **Magistrate Judge** _____ |
| And, | ) ) | **CLASS ACTION COMPLAINT** |
| DAVID RAUSCH, in his capacity as Director of the Tennessee Bureau of Investigation; | ) ) ) ) | |
| Defendants. | ) ) | |

---

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO PROCEED UNDER
PSEUDONYMS AND FOR PROTECTIVE ORCER**

---

Plaintiffs are challenging the constitutionality of Tennessee's Sex Offender Registration Verification and Tracking Act ("SORVTA"). Due to his status as registered sex offender, Plaintiffs are a member of a particular and patently condemned group. If Plaintiffs are forced to disclose their true identify in public court records and proceedings, they and their families could be exposed to serious consequential harm. Therefore, Plaintiffs seek permission to proceed in this action under the pseudonyms "John Doe #1," "John Doe #2," "John Doe #3," "John Doe #4," "John Doe #5," "John Doe #6," "John Doe #7," and "John Doe #8" (collectively, "John Does #1–8"). Plaintiffs also seek a protective order that bars any publicizing of their true names and requires any documents containing their true names be filed under seal.

## ARGUMENT

The public's right of access to judicial records is not absolute as there are important exceptions limiting this right. *See Nixon v. Warner Commc'ns*, 435 U.S. 589, 598 (1978). Although in general, Fed. R. Civ. P. 10(a) requires that a complaint state the names of all parties, courts have "always been afforded the power to seal their records when interests of privacy outweigh the public's right to know." *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 474 (6th Cir. 1983). Therefore, Plaintiff can be excused from identifying himself in this case if the Court concludes that his "privacy interests substantially outweigh the presumption of open judicial proceedings." *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). Furthermore, the Court is specifically authorized, for good cause, to issue an order to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). The Court has "substantial latitude" to grant and fashion protective orders because of the "unique character of the discovery process." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984). Thus, under Fed. R. Civ. P. 26(c)(1), the Court may grant a protective order for "good cause," and the Court has "broad discretion . . . to decide when a protective order is appropriate and what degree of protection is required." *Id.*

Here, Plaintiffs' privacy interests substantially outweigh the general presumption of open records. If Plaintiffs are forced to disclose their true identify in this case, they could be subjected to significant harm as well as collateral consequences, as sex offender registrants routinely face ubiquitous public harassment and condemnation. *See, e.g.*, Erika Davis Frenzel et al., *Understanding Collateral Consequences of Registry Laws: An Examination of the Perceptions of Sex Offender Registrants*, Just. Pol'y J. 1, 2 (Fall 2014) ("Due to the public nature of [sex offender registration and notification] laws, sex offenders are constantly reminded – sometimes daily – of

2

the crime that they committed. The response directed towards registered sex offenders . . . from citizens-at-large does not stop with the constant reminders, but includes resentment, stigmatization, harassment, and assault."); Melissa Hamilton, *Public Safety, Individual Liberty, and Suspect Science: Future Dangerousness Assessments and Sex Offender Laws,* 83 Temp. L. Rev. 697, 711 (2011) (Sex offender registration laws have serious and far-reaching collateral consequences including "social scorn, loss of social support, reduction in employment possibilities, housing difficulties, and personal harassment."). The stigmatization attached to sex offender registrants has led to courts regularly allowing sex offender registrants to proceed under pseudonyms in litigation challenging sex offender registration laws. *See, e.g.*, *Conn. Dep't of Pub. Safety v. Doe,* 538 U.S. 1 (2003); *Smith v. Doe,* 538 U.S. 84 (2003); *Doe v. Miami-Dade Cnty.,* 846 F.3d 1180 (11th Cir. 2017); *Doe v. Snyder,* 834 F.3d 696 (6th Cir. 2016); *Doe v. Haslam,* No. 3:16-CV-02862, 2017 WL 5187117 (M.D. Tenn. Nov. 9, 2017); *Poe v. Snyder,* 834 F. Supp. 2d 721 (W.D. Mich. Dec. 27, 2011).

Plaintiffs fear that if they are forced to disclose their true identifies in this case, extremely intimate information relating to them and their families could be reported in the news or the press. Plaintiffs are highly concerned that if such publicity occurs, this will aggravate already exceedingly difficult obstacles they face, such as obtaining and maintaining housing and employment. Such publicity could also make it even more arduous for Plaintiffs to be involved in their families lives. Plaintiffs should not have to risk exacerbating the same injuries they are trying to prevent in an effort to enforce their own rights.

Additionally, because of the widespread public hostility sex offender registrants routinely face, Plaintiffs fear that their personal safety will be at risk if their true identities are publicly disclosed in connection with this case. It is not unreasonable for Plaintiffs to fear they could be

attacked or harmed if their identify is made public. If Plaintiffs' true identities become public, anyone can easily determine their whereabouts by searching the public sex offender registry. Also, if Plaintiffs' true identities become public, anyone can find Plaintiffs' detailed personal information, including but not limited to their addresses, their employer's addresses, their vehicle information, and their photographs. Although they are already vulnerable to public harassment and vigilantism, Plaintiffs should not have a target placed on their backs for challenging the constitutionality of Tennessee's sex offender registration laws. Thus, a protective order is necessary to ensure Plaintiffs' privacy and safety.

Moreover, the Sixth Circuit has identified several factors that courts may consider when determining whether plaintiffs may proceed anonymously in litigation. They include:

> (1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiffs to disclose information of the utmost intimacy; (3) whether the litigation compels the plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiffs are children.

*Porter,* 370 F.3d at 560 (internal quotation marks omitted).

Here, Plaintiffs are challenging government activity—Tennessee's enforcement of SORVTA—and their Complaint and other filings are full of highly personal and intimate information regarding them and their families. Even more private and personal information will undoubtedly be disclosed during discovery. Furthermore, while Plaintiffs do not intend to violate SORVTA, they are concerned that their public identification will increase public scrutiny of them, and in turn, increase the risk that they could be prosecuted for an unintentional violation of the vague and complex requirements of SORVTA described in the Complaint. Lastly, public disclosure of Plaintiffs' identity will likely reveal the identity of their families, including their

4

children, which could negatively impact their lives, as well as Plaintiffs' relationship with them and their ability to participate in their lives.

The Sixth Circuit has recognized that when determining whether to allow plaintiffs to proceed in litigation under pseudonyms, defendants require adequate information to present their defense. For instance, in *Doe v. Porter,* the trial court's protective order required the plaintiff's true identity be disclosed to the defendants' counsel. *See* 370 F.3d at 560–61. However, the court simultaneously limited any disclosure of the plaintiff's personal and intimate information to the public and parties outside the litigation. *See id.*

Here, to prevent any interference with Defendants' ability to present their defense, Plaintiffs seek a protective order that would allow disclosure of their true identities to Defendants, while limiting any disclosure of Plaintiffs' personal information to the public or to any person or entity not a party to the litigation. Therefore, the proposed protective order will not compromise Defendants' ability to present their defense. *See id.* at 561.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully contend that they should be permitted to proceed under pseudonyms in this case, and that they are entitled to a protective order barring the publication of their identities and requiring documents containing their names and personal information to be filed under seal.

Respectfully submitted,

/s/ Ryan C. Davis
Ryan C. Davis, No. 34588
Jorie Zajicek, No. 39615
RYAN C. DAVIS LAW, PLLC
1224 2nd Ave South, Suite 102
Nashville, TN 37210
Telephone (615) 649-0110
Facsimile (615) 290-5013
ryan@ryancdavislaw.com
jorie@ryancdavislaw.com

/s/ Jeff H. Gibson
Jeff H. Gibson, No. 26321
David R. Esquivel, No. 21459
BASS, BERRY & SIMS PLC
150 Third Avenue South, Suite 2800
Nashville, TN 37201
Telephone (615) 742-7749
Facsimile (615) 742-6293
jgibson@bassberry.com
desquivel@bassberry.com

6

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing will be served via Certified U.S. Mail, return receipt requested, on the following, along with the service of the issued Summonses and Complaint which will be acknowledge on the Return on Service of the Summons:

Governor William Lee
c/o Hon. Jonathan T. Skrmetti
Attorney General & Reporter
P.O. Box 20207
Nashville, TN 37202-0207

Director David Rausch
Tennessee Bureau of Investigation
c/o Hon. Jonathan T. Skrmetti
Attorney General & Reporter
P.O. Box 20207
Nashville. TN 37202-0207

/s/ Jeff H. Gibson